IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MARIA CAVALLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 2012-09 |
| ) | |
| PORT OF $ALE, INC., MOJO'S RUM & ) | |
| SURF SHACK, LLC, THE ROCK NIGHT ) | |
| CLUB & LOUNGE, LLC, and ASHANA ) | |
| N. POWELL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's Motion to Amend the Complaint [DE 109] pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure of the District Court of the Virgin Islands. Plaintiff seeks leave to add Commercial Securities Services, Ltd. ("Commercial") and InterScope Security, Inc. ("Interscope") as parties. Existing defendants Port of $ale, Inc., The Rock Night Club & Lounge, LLC ("The Rock") and Mojo's Rum & Surf Shack, LLC ("Mojo's") do not oppose the amendment. [DE 111 to DE 113].

On April 2, 2013, the Court held a pretrial conference during which it heard argument on plaintiff's motion to amend. That same day, the Court entered an Order [DE 124] authorizing the filing of additional authority in support of plaintiff's arguments presented during the pretrial conference. Plaintiff [DE 129][1] and The Rock [DE 128] made additional submissions.

---

[1] Plaintiff filed a 10-page submission despite the Court's explicit instructions that "[e]ach party's submission shall not exceed five pages." [DE 124] (emphasis in original).

## I.    FACTUAL BACKGROUND

Plaintiff initiated this action on February 7, 2012. Plaintiff alleges injuries resulting from a physical assault by defendant Powell that occurred on March 1, 2010. The assault arose out of a verbal altercation occurring initially at The Rock and continuing onto the premises of Mojo's, both of which are tenants of Port of $ale, Inc. ("PO$I"). In her complaint, plaintiff alleges that the defendants' security personnel and employees failed to take reasonable steps to protect her and accordingly brings claims for premises liability as well as negligence based on inadequate security. Plaintiff now claims that, through discovery, she learned that the security officers present at the time of plaintiff's injury were not defendants' employees, but were instead employed by Commercial and/or Interscope.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave," FED. R. CIV. P. 15(a)(2), where, as here, a responsive pleading has been served and the amendment is requested over 21 days after said service. Rule 15(a) provides further that "[t]he court should freely give leave when justice so requires." *Id*. A court may deny a motion for leave to amend when certain factors are present, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] the futility of the amendment . . . ." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (alteration added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the issue is whether amendment is futile, because plaintiff made the request to amend on February 21, 2013, after the two-year statute of limitations on plaintiff's claims had

expired. 5 V.I.C. § 31(5)(A) (establishing two-year limitations period for "[a]n action for … any injury to the person or rights of another not arising on contract and not [otherwise] enumerated"); *see Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003) (explaining amendment is futile when a claim against the party sought to be added would be barred by the statute of limitations). "Amendments generally take effect when they are filed. Hence, amending a pleading to append a new claim or defendant after expiration of the limitations period is ineffective unless the amendment relates back to the date that the original complaint was filed." *Dull v. W. Manchester Twp. Police Dep't*, 2008 U.S. Dist. LEXIS 21412, at *10 (M.D. Pa. Mar. 17, 2008); *see Garvin*, 354 F.3d at 220 ("If the amendment relates back to the date of the filing of the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed at that time.").

Rule 15(c) enumerates three prerequisites for an amendment to relate back to the original complaint. First, the claim against the proposed new defendant must relate to the same conduct, transaction or occurrence set forth in the original complaint. FED. R. CIV. P. 15(c)(1)(C). Second, within the 120-day time period set forth in Rule 4(m), the party to be added must have had enough notice of the action to prevent prejudice in defending it. *See* FED. R. CIV. P. 4(m); FED. R. CIV. P. 15(c)(1)(C)(i). Third, the proposed new defendant knew or should have known (again, within the 120-day period) that "but for a mistake concerning the proper party's identity," it would have been named in the initial complaint. *See* FED. R. CIV. P. 4(m); FED. R. CIV. P. 15(c)(1)(C)(ii); *see also Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001) (stating Rule 15 standard for addition of new party).

### III.   DISCUSSION

Plaintiff does not dispute that the two year statute of limitations is applicable to her claims. She argues, however, that her motion should be granted on two bases: the relation back doctrine and the discovery rule. Pl.'s Mem. ¶ 14; Pl.'s Supplemental Motion at 2-6. The Court addresses each argument in turn.

**A.   Relation Back**

1.   Same Conduct, Transaction, or Occurrence

An amended pleading arises out of the same conduct, transaction or occurrence as the original pleading if it shares a "common core of operative facts." *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004) (citation omitted). To meet this burden, plaintiff must show that the claims set forth in her original pleading arise from "similar facts . . . all occurring around dates similar to those alleged in [the] amended pleading." *Stewart v. Phil. Hous. Auth.*, 487 F. Supp. 2d 584, 589 (E.D. Pa. 2007) (alteration added). The general factual situation and the legal theory on which plaintiff wishes to proceed against the proposed defendants remain unchanged from what was alleged in the complaint. Accordingly, plaintiff has satisfied the first requirement of Rule 15(c)(1)(C).

2.   Notice & Absence of Prejudice

Plaintiff must next establish that the proposed new defendants received notice of plaintiff's action within 120 days of the filing of the original complaint, and that they will not be prejudiced in maintaining a defense on the merits. FED. R. CIV. P. 15(c)(1)(C)(i); *see Singletary*, 266 F.3d at 194 (stating the second factor requires demonstrating notice and the absence of prejudice) (citation omitted). "[T]he 'prejudice' to which the Rule refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence

and constructing a defense when the case is already stale." *Garvin*, 354 F.3d at 222 n.6 (alteration in original & citation omitted). Thus, plaintiff must meet "two requirements, notice and the absence of prejudice, each of which must be satisfied." *Singletary*, 266 F.3d at 194 (citing *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 458 (3d Cir. 1996)). Notice, for purposes of Rule 15(c)(1)(C)(i), may be actual, constructive, or imputed. *Singletary*, 266 F.3d at 195-6; *accord Miller v. Hassinger*, 173 Fed. Appx. 948, 955 (3d Cir. 2006); *cf. Buchanan v. Reliance Ins. Co. (In re Color Tile, Inc.)*, 475 F.3d 508, 512 (3d Cir. 2007) (noting the *Singletary* panel listed "imputed" notice as a third form of notice but "apparently considered imputed notice as a form of constructive notice"); *Bryant v. Vernoski*, 2012 U.S. Dist. LEXIS 47498, at *8 (M.D. Pa. Apr. 4, 2012) (stating "[n]otice to the newly named defendants may either be actual or constructive" and citing *Singletary*). There are two methods of establishing constructive or imputed notice: (1) the "shared attorney" method, and (2) the "identity of interest" method. *Miller*, 173 Fed. Appx. at 956; *see Hiscock*, 2013 U.S. Dist. LEXIS 26159, at *10 (listing both methods as a form of constructive notice). The notice received must be notice that the plaintiff has brought the action – not that one may be filed. *Singletary*, 266 F.3d at 195. Notice of the events or conduct complained of is not sufficient. *Id*.

    i.    *InterScope Security, Inc.*

After the parties' last appearance before the Court, Mojo's produced a copy of a certified letter dated April 3, 2012 from its counsel to Mr. Flemon Lewis ("Lewis"), President of Interscope. In the letter, Mojo's counsel referenced a "discussion" with Lewis regarding the instant action and sought defense and indemnification. [DE 129-1]. Mojo's counsel had also included a copy of the complaint with the letter. Accordingly, plaintiff has met her burden in demonstrating that Interscope received actual notice of the instant lawsuit within 120 days of the

filing of the complaint. Moreover, the Court discerns no undue prejudice to Interscope in maintaining a defense.

    ii.    *Commercial Securities Services, Ltd.*

Initially, plaintiff argued that "[u]pon information and belief," Commercial received actual notice of these proceedings because it "had discussions with agents of the current [d]efendants" within the required timeframe under Rule 4(m), but she did not provide any evidence to support her "belief." Now plaintiff contends the April 3, 2012 letter from Mojo's to Interscope "provides sufficient inferential evidence that Commercial also had notice of the institution of the action with the 120 day period." Pl.'s Supplemental Mem. at 3 [DE 129]. Plaintiff neither explains this conclusory assertion, nor does she offer any evidence to support it. Accordingly, plaintiff has not established that Commercial received timely actual notice of the instant matter.

Plaintiff also argues that the "identity of interest" method establishes constructive or imputed notice to Commercial. This method creates a presumption that a proposed defendant learned of the action from others closely associated with that proposed defendant by virtue of their business relationship. *Garvin*, 354 F.3d at 227. The relationship must be one that reasonably leads to the inference that notice to one is notice to the other. Courts have found an identity of interest between three types of relationships: (1) "a parent and a wholly owned subsidiary," (2) "related corporations whose officers, directors, or shareholders are substantially identical and who may have similar names or conduct their business from the same offices," and (3) "past and present forms of the same enterprise." 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1499 (3d ed. 1998 and Supp. 2012).

Here, plaintiff cites *Valeri v. Marriott Corp.*, 2002 U.S. Dist. LEXIS 9586 (D.V.I. May 17, 2002) for the proposition that the type of relationship alleged between Commercial and the existing defendants here satisfies the "identity of interest" method. *Valeri* is distinguishable. In *Valerie*, the court relied on the "related corporations" relationship, noting the proposed defendant and the defendant "share[d] the same officers and place of business." *Valerie*, 2002 U.S. Dist. LEXIS 9586, at *7. Here, plaintiff has not alleged that Commercial shares the same officers or place of business with existing defendants. Rather, plaintiff relies on a general "business relationship" between defendants and Commercial, the latter of which allegedly "provide[s] past and continued security services" to defendants. Pl.'s Mem. ¶ 20. On the record presented, the Court cannot conclude that "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." 6A Wright, Federal Practice and Procedure § 1499. Moreover, plaintiff has provided no authority from which the Court could conclude that the type of relationship alleged here satisfies the "identity of interest" method.

Even if the Court could conclude that Commercial received the required notice, the Court has no basis to determine the issue of prejudice. Plaintiff explains that the security officers present on the date of plaintiff's injury, now "known to be employees and agents of [d]efendants sought to be included in this litigation, were involved in the criminal prosecution of [] Powell," "testified as witnesses" in Powell's criminal trial, and were "privy to the testimony of other relevant witnesses to be used [in the instant matter]." Pl.'s Mem. ¶¶ 15-16. Although some Commercial employees may well be aware of details involving the incident, the issue is prejudice to Commercial. Plaintiff has made no showing that the prejudice to Commercial in having to defend at this late date is mitigated by the alleged knowledge of their employees

*Cavalli v. Port of $ale, Inc. et al.*
Civil No. 2012-09
Page 8

referred to here.

As plaintiff has failed to establish the second factor of the relation back analysis, the claims against Commercial appear to be barred by the statute of limitations, and thus the amendment would be futile. Nevertheless, plaintiff contends "outright denial of leave to amend would still not be appropriate." Pl.'s Supplemental Mem. at 5. Rather, plaintiff asks the Court to "authorize discovery and depositions to take place to determine the extent of knowledge and notice . . . Commercial had of the institution of this lawsuit and as to their close relationship with the current named defendants." Pl.'s Supplemental Mem. at 5. As authority for this request, plaintiff cites *Santiago v. Virgin Islands Housing Authority ("Santiago I")*, 49 V.I. 99 (V.I. Super. Ct. 2007), which allowed a plaintiff the opportunity to conduct discovery to determine whether the proposed defendants had received such notice as would permit relation back. *See id.* at 105, *rev'd on other grounds*, *Santiago v. V.I. Housing Auth. ("Santiago II")*, 57 V.I. 256 (2012). Given the discovery deadline would in all likelihood be amended to accommodate the addition of Interscope, the Court will allow plaintiff to pursue limited discovery concerning Commercial.

3. <u>Mistake of Identity (Interscope)</u>

With respect to the third factor, plaintiff argues Interscope knew or should have known that, but for a mistake concerning its identity, the action would have been brought against it. Plaintiff explains that it mistakenly believed the security personnel present on the date of plaintiff's injury were employees of the existing defendants, but the "mistake" inquiry focuses on whether the proposed party knew or should have known that the lawsuit was intended for it. *Krupski v. Costa Crociere S.p.A.*, __U.S.__, 130 S. Ct. 2485, 2490 (2010) ("We hold that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have

known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading."); *Siciliano v. City of Philadelphia*, 2010 U.S. Dist. LEXIS 78658, at *6 (E.D. Pa. Aug. 2, 2010) ("In evaluating the notice requirements, the focus is on what the defendants to be added knew or should have known, not what the plaintiffs knew or when they took action to move to amend. The knowledge of the amending party is not a factor in a Rule 15(c)(1)(C) analysis.") (internal citation omitted). Plaintiff's knowledge "is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Krupski*, 130 S. Ct. at 2493-94.

As noted, Mojo's provided Interscope with a copy of the original complaint, which "is clearly written with allegations of negligence focused on the security provided for the premises and establishments of the Port of Sale [sic] Mall, and the actions of the security personnel present at the time." Pl.'s Mem. ¶ 18. The Court therefore finds the numerous allegations in the complaint concerning the security personnel were sufficient to place Interscope on notice that, but for a mistake, plaintiff should have named it in the original action. Accordingly, the amendment as it relates to Interscope will be allowed.

**B.     Discovery Rule**

The Court also considers plaintiff's argument that the discovery rule allows her to add Commercial as a defendant. Raised initially during the April 2, 2013 pretrial conference, plaintiff argues in the alternative that the discovery rule tolls the statute of limitations on her claims against Commercial because she could not have discovered that Commercial allegedly contributed to her injuries "until late December 2012 or early January 2013" – the period during which she claims she learned through discovery that Commercial allegedly employed the security officers present on the date of plaintiff's injury.

Normally, under Virgin Islands law, the "statute of limitations begins to run upon the occurrence of the essential facts which constitute the cause of action." *Simmons v. Ocean*, 544 F. Supp. 841, 843 (D.V.I. 1982). However, "the law of the Virgin Islands has in certain circumstances incorporated the [d]iscovery [r]ule to delay the running of a statute of limitations" where the injury or its cause is not readily apparent to a plaintiff at the time the injury occurs. *In re Tutu Wells Contamination Litig. ("Tutu Wells")*, 909 F. Supp. 980, 984 (D.V.I. 1995); *see L'Henri, Inc. v. Vulcan Materials Co.*, 53 V.I. 794, 800 (D.V.I. 2010) ("In the Virgin Islands, the 'discovery rule' may toll the applicable statute of limitations where the injury is latent or is not readily ascertainable."). "Under the rule, the statute of limitations will start to run at the time that two conditions are satisfied: (1) when the plaintiff knew or should have known that he had suffered a harm and (2) when the plaintiff knew or should have known the cause of his injury . . . ." *Bluebeard's Castle, Inc. v. Hodge*, 51 V.I. 672, 684 (D.V.I. 2009) (citation omitted).

"Under the discovery rule, the focus is not on 'the plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence, knowable to [the] plaintiff." *Santiago II*, 57 V.I. at 273 (alteration in original) (quoting *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991)). "To demonstrate reasonable diligence, a plaintiff must establish[] that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Mest v. Cabot Corp.*, 449 F.3d 502, 511 (3d Cir. 2006) (internal quotation marks omitted & alterations in original).

Here, plaintiff cites no authority for the application of the discovery rule in the present context. There is only one Virgin Islands case of which the Court is aware where a plaintiff relied on the discovery rule (and alternatively, the relation back doctrine) in a context similar to

*Cavalli v. Port of $ale, Inc. et al.*
Civil No. 2012-09
Page 11

that presented here. In *Santiago I*, the plaintiff brought a tort action against the Virgin Islands Housing Authority ("VIHA"), alleging injuries caused by inhaling fumes from a sewer solvent. The plaintiff later added ABC Janitors as a defendant, and ABC Janitors sought dismissal on statute of limitations grounds. The plaintiff, relying on *Tutu Wells*, argued, in part, that the discovery rule tolled the statute of limitations on her claims against the supplier "until January of 2003, when "VIHA's interrogatory responses identified ABC Janitors as the supplier of the sewer solvent." *Santiago I*, 49 V.I. at 104. The *Santiago* court held that *Tutu Wells* was not applicable and explained that the District Court in *Tutu Wells* adopted what it acknowledged was a minority interpretation and applied a special "Environmental Discovery Rule," not applicable in other contexts. *Santiago I*, 49 V.I. at 104 (footnote omitted). The Virgin Islands Supreme Court affirmed the holding in *Santiago I*. *Santiago II*, 57 V.I. at 274.

As in *Santiago*, here plaintiff is not alleging an environmental tort. Rather, plaintiff alleges a personal injury of which she has had notice since March 1, 2010. Accordingly, it was plaintiff's burden "to determine within the limitations period whether any party may be liable to [her]." *Tutu Wells*, 909 F. Supp. at 986. The Court finds that plaintiff has not met her burden regarding the discovery rule. *See Fisher v. APP Pharms.*, LLC, 783 F. Supp. 2d 424, 431 (S.D.N.Y. 2011) (finding unpersuasive plaintiff's "argument that the discovery rule should apply in cases where the plaintiff does not know who caused the injury versus what caused the injury" and holding the discovery rule inapplicable given plaintiff knew the cause of her injury prior to the expiration of the limitations period).

## IV. CONCLUSION

The premises considered, it is hereby ORDERED:

(1) Plaintiff's motion to amend [DE 109] is GRANTED as to the addition of InterScope Security, Inc., and DENIED WITHOUT PREJUDICE as to the addition of Commercial Securities Services, Ltd., pending further discovery on the issue of the applicability of the relation back doctrine thereto. Plaintiff shall have forty-five (45) days from the date of this Order to conduct such discovery <u>and</u> renew its motion to amend as to Commercial Securities Services, Ltd.

(2) The amended complaint shall be designated the "First Amended Complaint" and deemed filed as of the date of this Order;

(3) Plaintiff shall cause a summons issued by the Clerk of Court along with a copy of the First Amended Complaint to be promptly served upon InterScope Security, Inc.;

(4) Existing defendants shall respond to the First Amended Complaint on or before 14 days from the date of this Order.

**Dated:** April 18, 2013                     S\_____
                                                                          **RUTH MILLER**
                                                                          United States Magistrate Judge