DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MARIA CAVALLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2012-09 |
| ) | |
| PORT OF $ALE, INC.; MOJO'S RUM & SURF ) | |
| SHACK, LLC; THE ROCK NIGHT CLUB & ) | |
| LOUNGE, LLC; ASHANA N. POWELL; ) | |
| INTERSCOPE SECURITY, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| PORT OF $ALE, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMERCIAL SECURITY SERVICES, LTD., ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |
| ) | |
| ) | |

**ATTORNEYS:**

**Alan R. Feuerstein, Esq.**
**Mark E. Guglielmi, Esq.**
Feuerstein & Smith, LLP
Buffalo, NY
**A. Jeffrey Weiss, Esq.**
A.J. Weiss & Associates
St. Thomas, VI
    *For the plaintiff Maria Cavalli*,

**Armando P. Rubio, Esq.**
**David O. Caballero, Esq.**
Cole Scott & Kissane
Miami, FL
**Stacy Lee White, Esq.**

Law Offices of Stacy L. White
St. Croix, VI
    *For the defendant/third-party plaintiff Port of $ale, Inc.,*

**Charles S. Russell, Esq.**
**Michele Baker, Esq.**
Moore Dodson & Russell P.C.
St. Thomas, VI
    *For the defendant Mojo's Rum & Surf Shack, LLC,*

**Mark Wilczynski, Esq.**
Law Office of Wilczynski & Garten, P.C.
St. Thomas, VI
    *For the defendant The Rock Night Club & Lounge, LLC,*

**Ashana N. Powell**
    *Pro se defendant,*

**Daryl C. Barnes, Esq.**
Bryant, Barnes, Moss & Beckstedt
St. Croix, VI
    *For the third-party defendant Commercial Security Services, LTD.*

## **ORDER**

Before the Court is the motion of defendant Interscope Security, Inc. ("Interscope") to dismiss plaintiff Maria Cavalli's ("Cavalli") first amended complaint or, in the alternative, for a more definite statement.

### I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This case arises out of Cavalli's claims that Ashana N. Powell ("Powell") attacked her in a location between Mojo's Rum & Surf Shack, LLC ("Mojo's") and The Rock Night Club & Lounge, LLC ("The Rock").

Cavalli alleges that on or about March 1, 2010, she and Powell were inside The Rock, located in the Port of $ale, Inc. ("Port of Sale") mall. Cavalli alleges that Powell and a member of Cavalli's party were involved in a verbal altercation while at The Rock.  Following this verbal altercation, there were a series of physical altercations initiated by Powell which took place in The Rock and the parking lot outside. These physical altercations were allegedly stopped by security personnel. After security personnel broke up these fights, Powell remained on the premises. Thereafter, Cavalli claims, Powell picked up an empty bottle from a nearby trash can and attacked Cavalli with it.

Cavalli filed her original complaint on February 7, 2012. In that complaint she alleged that she suffered personal injuries as a result of the alleged attack by Powell. She included Powell, the Rock, Mojo's, and Port of Sale as defendants.

Following some discovery, on February 21, 2013, Cavalli moved to amend her original complaint.  On April 18, 2013, the motion to amend was granted in part by the Magistrate Judge. Cavalli's first amended complaint was filed on April 18, 2013. The Complaint added Interscope as a defendant.  The first amended complaint alleged that Interscope had been hired to provide security personnel for Port of Sale, Mojo's, and the Rock.

On June 26, 2013, Interscope filed a motion to dismiss Cavalli's first amended complaint. Interscope alleges that the first amended complaint must be dismissed for failure to state a claim or, in the alternative, that Cavalli should be required to file a more definite statement. Cavalli opposes the motion.[1]

## II. DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] Because Interscope moved to dismiss for failure to state a claim, the Court will limits its analysis to a review of the four corners of the first amended complaint. *David v. AMR Servs. Corp.*, 191 F.R.D. 89, 90 n.1 (D.V.I. 2000). In Cavalli's opposition, Cavalli attached a number of exhibits. These exhibits were not considered by the Court in evaluating Interscope's motion to dismiss.

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts " 'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[2]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more

---

[2] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

> than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. <u>ANALYSIS</u>

Cavalli asserts what appear to be two claims: negligence, and gross negligence.[3] Interscope claims that the first amended complaint does not allege facts sufficient to show a plausible entitlement to relief under either theory. Interscope asks that the Court dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, require a more definite statement pursuant to Rule 12(e).

In this case, the first amended complaint is organized in a peculiar manner. Rather than the claims being separate counts of the first amended complaint, each "count" is associated with a separate defendant. Paragraphs 9 through 38 of the first amended complaint are "Facts Common to All Counts." Each count then lists additional facts. All counts incorporate by reference not only the facts common to all counts, paragraphs 9 through 38, but also all paragraphs of the preceding counts.

---

[3] The section titled "Count V – Claims Against Interscope" fails to individually list the causes of actions it is alleging against Interscope. However, the section does allege multiple times that Interscope was "negligent and grossly negligent."

Thus, Count Five, the count related to Interscope, incorporates all allegations of the preceding four counts. That is, facts which are listed under each defendant are incorporated by reference into counts associated with other defendants who may have different causes of action alleged against them.

Further, the first amended complaint does not list separately the causes of action within each count. As such, both "negligence" and "gross negligence" are alleged within the same paragraph each time they appear in Count Five.

Within the first amended complaint, Cavalli alleges a number of facts. However, due to the structure of the first amended complaint and each count's wholesale adoption of all previous counts, it is unclear which claims and which defendants each fact relates to. This makes it difficult for the Court to even determine what has been pleaded for purposes of a motion to dismiss. Indeed, this lack of clarity is precisely why this method of pleading is generally considered to be unacceptable "shotgun pleading." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279(11th Cir. 2006)(noting that pleadings in which all antecedent allegations are incorporated by reference into all subsequent counts make it difficult or impossible for the court to determine if the claims are meritorious).

A complaint which obscures the material allegations of each claim is deficient. *See, e.g., Johnson Enters. Of Jacksonville,*

*Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998) (chastising a district court for failing to dismiss or order repleader where a complaint obscured the material allegations by incorporating all previous allegations into subsequent counts). That is, a complaint lacks the required clarity where the defending party would be unable to frame a responsive pleading or determine what factual allegations to respond to. *See* Fed. R. Civ. P. 12(e). Where a complaint is deficient because the complaint fails to link particular facts with particular causes of action, the proper remedy is ordering the repleading of a more definite statement, not dismissal. *See Wagner*, 464 F.3d at 1280; *Johnson Enters.*, 162 F.3d at 1332.

The structure of the first amended complaint obscures the material allegations as they relate to Interscope. Because the deficiency here is in linking facts to parties and claims, the Court is persuaded that the proper remedy is repleader, pursuant to Rule 12(e). *Cf. Wagner*, 464 F.3d at 1280.

The premises considered, it is hereby

**ORDERED** that Cavalli shall file an amended complaint no later than February 28, 2014; and it is further

**ORDERED** that Interscope's motion to dismiss is **DENIED** without prejudice.

S\_____
    **CURTIS V. GÓMEZ**
     **District Judge**